United States District Court
Southern District of Texas
FILED

APR 07 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
April 08, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| CARL GUSTAVE PAGE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-CV-0319 |
| § | |
| MARCO GOMEZ, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff CARL GUSTAVE PAGE, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 seeking redress for alleged violations of his constitutional rights during the period of his incarceration at the Reynaldo V. Lopez State Jail in Edinburg, Texas (the "Jail") operated by the Texas Department of Criminal Justice—Correctional Institutions Division (the "TDCJ"). (Dkt. No. 1). Named as defendants are several medical doctors who treated prisoners at the Jail, as well as several officers and administrators for the Jail. (*Id.* at 3). Plaintiff generally complains of the defendants' failure to provide him surgical treatment for a hernia. (*Id.* at 3-4). In terms of relief, Plaintiff requests that the surgery be performed and that he be awarded $700 per day for his pain and suffering. (*Id.* at 4).

Although ordered to provide a more definite statement (Civ. Dkt. No. 10), Plaintiff has failed to do so. Indeed, it seems Plaintiff has served his prison term and been released from TDCJ custody. (*See* Dkt. No. 11). Since his release, Plaintiff has failed to update his current address.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the record and the relevant law, the Magistrate

Judge RECOMMENDS that this case be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure to prosecute.

## I. BACKGROUND

In August of 2021, Plaintiff filed the complaint in this case. (Dkt. No. 1). While Plaintiff did not pay the civil action filing fee, attached to the complaint was a certified copy of his inmate trust fund account statement (Dkt. No. 2), which a prisoner is typically required to file in accordance with 28 U.S.C. § 1915 of the Prison Litigation Reform Act when seeking to proceed in forma pauperis. Advising Plaintiff that his construed in forma pauperis application was missing a required affidavit of indigency, the Magistrate Judge ordered him to either pay the filling fee or submit a completed application. (*See* Dkt. No. 3). The Magistrate Judge also specifically advised Plaintiff of his obligation to keep the Clerk of Court updated in writing as to his current address. (*Id.* at 2). Plaintiff was warned that the failure to comply could result in the dismissal of his lawsuit for failure to prosecute. (*Id.*).

Plaintiff filed a completed in forma pauperis application dated August 30, 2021. (Dkt. No. 4). On September 9, 2021, noting that the application appeared to be meritorious, the Magistrate Judge advised Plaintiff about proceeding in forma pauperis, including the requirement that he pay the full filing fee by installments. (Dkt. No. 5 at 1-2). Plaintiff was also advised that he could otherwise avoid the filing fee by voluntarily dismissing the case within thirty days. (*Id.* at 2). Plaintiff was again advised of his obligation to advise the Clerk in writing of any change of address, and he was again warned that failure to comply could result in the dismissal of his lawsuit. (*Id.*).

On November 29, 2021, the Magistrate Judge issued an order granting Plaintiff's in forma pauperis application. (Dkt. No. 7). Yet again, Plaintiff was warned that failure to provide any updates as to a change of address could result in dismissal. (*Id.* at 3). In issuing this warning, the

Magistrate Judge noted that TDCJ records projected Plaintiff's release date for December 13, 2021. (*Id.* at 3 n.3).

On January 26, 2022, the Magistrate Judge ordered Plaintiff to submit a more definite statement by providing written responses to several requests for information about his claims. (Dkt. No. 10). Plaintiff was further ordered to submit his responses within thirty days. (*Id.* at 3). Plaintiff was warned that the failure to comply could result in dismissal of his lawsuit. (*Id.* at 4). The Clerk was directed to forward a copy of the order to Plaintiff by any receipted means at his address most recently on file, or that of the Jail. (*See id.*).

A copy of that order was returned to the Clerk in its original envelope with a postal stamp reading, "RETURN TO SENDER * UNDELIVERABLE AS ADDRESSED * UNABLE TO FORWARD[,]" and a handwritten notation reading, "Discharged[.]" (Dkt. No. 11).

On February 24, 2022, the Magistrate Judge entered an order noting Plaintiff's release from custody and ordering him to update his mailing address within thirty days. (Dkt. No. 12). Yet again, Movant was advised of his obligation to keep the Clerk updated as to his current address, and he was specifically warned that failure to comply with the order could lead to the dismissal of his lawsuit. (*Id.* at 2). The Clerk was directed to forward a copy of the order to Plaintiff at his address most recently on file, again, the Jail. (*See id.*).

A copy of that order was also returned as "UNABLE TO FORWARD[.]" (Dkt. No. 14).

## II. APPLICABLE LAW

Rule 41(b) of the Federal Rules of Civil Procedure concerns the involuntary dismissal of an action. *See* Fed. R. Civ. P. 41(b). A district court is authorized by Rule 41(b) to dismiss an action sua sponte for a party's failure to prosecute the action or comply with an order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power

to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). Dismissal under Rule 41(b) may be either with or without prejudice. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam). Dismissals with prejudice, however, are reserved for cases involving a clear record of delay or contumacious conduct and where lesser sanctions would not serve the best interests of justice. *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir. 1996) (per curiam) (quoting *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987)) (quotations omitted).

"While a court should be appropriately lenient with a party who is proceeding pro se, the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rodriguez-Madrigal v. United States*, 2016 WL 6581339, at *3 (S.D. Tex. Oct. 10, 2016) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)) (quotations omitted), *report and recommendation adopted*, 2016 WL 6583717 (S.D. Tex. Nov. 3, 2016).

"[L]itigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Local Rules for the Southern District of Texas, which provide that "[a] lawyer or *pro se* litigant is responsible for keeping the clerk advised in writing of [their] current address." S.D. Tex. L.R. 83.4. Indeed, a district court may involuntarily dismiss a pro se litigant's lawsuit under Rule 41(b) for failure to maintain a current mailing address insofar as such failure suggests that the litigant has lost interest in pursuing their claims. *See Figueroa-Hernandez v. United States*, 2005 WL 2263462, at *3 (S.D. Tex. Aug. 31, 2005), *report and recommendation adopted*, Civil No. M-02-398 (S.D. Tex. Sept. 14, 2005).

## III. ANALYSIS

Several months have passed since Plaintiff was discharged from the TDCJ. Despite the passage of time and the Magistrate Judge's dismissal-related warnings, Plaintiff has failed to provide an updated address. As described, the Clerk mailed the last two court orders to the Jail—Plaintiff's last-known address—but both mailings were returned as undeliverable.

Because Movant has failed to provide an updated address in compliance with the Local Rules and the Magistrate Judge's orders, this case should be dismissed under Rule 41(b) for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) (stating that "the failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Day v. Cockrell*, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable).

Insofar as the limitations period applicable to Plaintiff's claim for relief has lapsed, dismissal here would effectively amount to a dismissal with prejudice.[1] *See Vafaiyan v. Target,*

---

[1] Section 1983 borrows the state law limitations period for personal injury claims. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). In Texas, personal injury claims are subject to a limitations period of two years. *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 305 (5th Cir. 2017) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). This two-year period applies to claims, like the one at issue, involving deliberate indifference to medical needs under the Eighth Amendment. *See Stewart v. Stephens*, 2015 WL 6126198, at *1-2 (N.D. Tex. Sept. 29, 2015), *report and recommendation adopted*, 2015 WL 61216136 (N.D. Tex. Oct. 16, 2015). The period begins to run when a claim accrues, which accrual is governed by federal law. *Morrill*, 693 F. App'x at 305-06. A claim accrues "the moment the plaintiff becomes aware that [they] ha[ve] suffered an injury or [have] sufficient information to know that [they have] been injured." *Piotrowski*, 51 F.3d at 516 (quoting *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992)) (internal quotations omitted). Here, Plaintiff does not supply sufficient facts to determine

*Inc.*, 251 F. App'x 862, 863 (5th Cir. 2007) (per curiam) (recognizing that "[w]here the limitations period 'prevents or arguably may prevent' further litigation, the standard of review should be the same as is used when reviewing a dismissal with prejudice" (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)). Absent the ability to reach Plaintiff, however, it is futile to attempt to raise the matter with him further, which also renders futile any attempt to prompt diligent prosecution through a lesser sanction than dismissal. *See id.* at 863-64 (recognizing that a dismissal with prejudice will be affirmed "when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile"). The current circumstances—including Plaintiff's failure to provide his address upon his release from custody—also suggest that Plaintiff has simply lost interest in pursuing this case. *See Figueroa-Hernandez*, 2005 WL 2263462 at *3. Indeed, now that Plaintiff has been released, he is free to seek out medical treatment on his own.

For these reasons, the Magistrate Judge recommends the dismissal of this matter.

## IV. CONCLUSION

### *Recommended Disposition*

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that this case be DISMISSED pursuant to Rule 41(b) based on Plaintiff's failure to prosecute and that this civil action be closed.

---

when he was first supposedly denied surgery or other treatment, which raises the possibility that more than two years have lapsed since accrual.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff by any receipted means at his last known address.

DONE at McAllen, Texas this 7th day of April 2022.

_____
J. SCOTT HACKER
United States Magistrate Judge